IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA VENNER, | HON. JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 05-2480 (JBS) |
| DELRAN TOWNSHIP, et al., | |
| Defendants. | **MEMORANDUM ORDER** |

This matter comes before the Court upon the motion of Plaintiff Patricia Venner ("Plaintiff") for reconsideration [Docket Item No. 11] of this Court's January 23, 2007 Memorandum Opinion and Order [Docket Item No. 9, 10]; and

1. In the Court's January 23, 2007 Memorandum Opinion and Order, this Court granted summary judgment in favor of Defendants Delran Township, Delran Township Police Department, Officer Jill Boyle, and Sergeant Martin Murphy (the "Defendants"), [Docket Item No. 9, 10], holding that (1) summary judgment in favor of Defendant Delran Township was appropriate with respect to Plaintiff's Section 1983 claims because the Township is entitled to qualified immunity; (2) summary judgment in favor of Patrolwoman Boyle and Sgt. Murphy was appropriate with respect to Plaintiff's three separate Section 1983 violations (false arrest/false imprisonment, illegal search and seizure and violation of equal protection) because Boyle and Murphy were entitled to qualified immunity; and (3) all Defendants were

entitled to summary judgment with respect to Plaintiff's claims under the New Jersey Tort Claims Act ("NJTCA"); and

2.   On February 13, 2007, Plaintiff filed a motion for reconsideration of this Court's January 23, 2007 Memorandum Opinion and Order [Docket Item No. 11] to which Defendants timely filed opposition [Docket Item No. 12]; and

3.   Local Civil Rule 7.1(i) governs the instant motion for reconsideration and requires that the moving party serve and file the motion "within 10 business days after the entry of the order or judgment on the original motion by the Judge."  L. Civ. R. 7.1(i).  The moving party must set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  Id.; King v. Cape May County Bd. of Freeholders, 2007 U.S. Dist. LEXIS 7265, *5 (D.N.J. Jan. 31, 2007).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980).  A party seeking reconsideration must show more than a disagreement with the court's decision, but instead must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest

2

injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and

    4.  Plaintiff's motion must be denied for two reasons. First, Plaintiff's motion is untimely. Plaintiff's motion was filed on February 13, 2007, more than ten business days after the Court's order of January 23, 2007. Plaintiff's motion would have had to have been filed by February 6, 2007 to have been timely. A motion filed untimely may be denied for that reason alone, see Allyn Z. Lite, N.J. Fed. Practice Rules, Comment 6(b) to L. Civ. R. 7.1(i) (Gann); see also XL Specialty Ins. Co. v. Westmoreland Coal Co., 2006 U.S. Dist. LEXIS 54233, *4 (D.N.J. Aug. 4, 2006)("Defendant failed to offer an explanation regarding why they failed to file their motion in a timely fashion . . . [t]his alone is sufficient to deny Defendant's motion"), and this Court will deny Plaintiff's motion; and

    5.  Second, even if this Court were to consider Plaintiff's motion notwithstanding her untimely filing, Plaintiff's motion must be dismissed on the merits. Plaintiff's motion fails to direct the Court's attention to any overlooked case or fact which would support reconsideration. Rather, Plaintiff's motion appears to reiterate the facts already considered and addressed in this Court's January 23 Memorandum Opinion and Order. A party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2)

3

the availability of new evidence that was not available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc., 176 F.3d at 677.  Because Plaintiff's motion fails to show any of these requirements, it must be dismissed as non-meritorious;

**IT IS** this **24th** day of **April, 2007** hereby

**ORDERED** that Plaintiff's motion for reconsideration [Docket Item No. 11] shall be, and hereby, is **DENIED**.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

4